MJC:pac 95368 \pleading\95368NoticeFiling.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID B. HECTOR, JR. | : | |
| | : | |
| VS. | : | C. A. NO. 06-418ML |
| | : | |
| CITY OF PROVIDENCE, by and through its Treasurer, STEPHEN NAPOLITANO; ET AL | : | |

**NOTICE OF FILING OF STATE COURT RECORD**

Now come the defendants, Robert Brown, Jr. and Antonio Laranjo, Jr., and give notice that they are filing herewith certified copies of all records and proceedings, including docket entries, from the matter of *David B. Hector, Jr. v. City of Providence, et al*, Providence Superior Court Civil Action Number PC06-3308, in compliance with Local Rule 36(b).

DEFENDANTS, Robert Brown, Jr. and
Antonio Laranjo, Jr.
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on October 2, 2006 to:

V. Edward Formisano, Esq.
100 Midway Place, Suite 1
Cranston, RI 02920

Kevin F. McHugh, Esq.
City Solicitor's Office
275 Westminster Street, Suite 200
Providence, RI 02903-1845

Barbara Malachowski

MJC:pac 95368 \pleading\95368PetitionRemoval.wpd

FILED

OCT 0 2 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID B. HECTOR, JR. | : | |
| | : | |
| VS. | : | C. A. NO. 06-418ML |
| | : | |
| CITY OF PROVIDENCE, by and through its Treasurer, STEPHEN NAPOLITANO; ET AL | : | |

**PETITION FOR REMOVAL FROM STATE COURT**

To the Honorable Judges of the United States District Court for the District of Rhode Island.

Now come the defendants, Robert Brown, Jr. and Antonio Laranjo, Jr., and petition pursuant to 28 U.S.C. §1441 and §1446 for removal of Providence Superior Court Civil Action Number PC06-3308, entitled *David B. Hector, Jr. v. City of Providence, et al*, to this Honorable Court.

Your petitioners state that they first received plaintiff's complaint when they were served with process on or about August 21, 2006. Plaintiff's complaint contains allegations that your defendants, Providence police officers, deprived the plaintiff of his constitutional rights and the plaintiff seeks redress therefore, pursuant to 42 U.S.C. §1983. Accordingly, this court would have original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343.

Your petitioners further state that the required filing fee has been filed contemporaneously with this petition, together with a copy of all processed pleadings served upon him in this action.

Your petitioners further state that copies of this petition are being filed with all parties who have been served with process in this action as well as with the clerk of the Providence Superior Court.

Your petitioners further state that the other defendants in this action consent to removal of this action as expressly stated below.

Defendant, City of Providence, hereby expressly states its consent to the filing of this petition for removal.

DEFENDANTS, Robert Brown, Jr. and
Antonio Laranjo, Jr.
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DEFENDANTS, City of Providence
By its Attorney,

Kevin McHugh by MJC

Kevin F. McHugh, Esq. #3927
CITY SOLICITOR'S OFFICE
275 Westminster Street,
Providence, RI 02903
PHONE: (401) 421-7740 x333
FAX: (401) 351-7596

**CERTIFICATION**

I certify that I sent a true copy of the within on 9/20/06 to:

V. Edward Formisano, Esq.
100 Midway Place, Suite 1
Cranston, RI 02920

Barbara Malachowski

Kevin F. McHugh, Esq.
City Solicitor's Office
275 Westminster Street, Suite 200
Providence, RI 02903-1845

Barbara Malachowski

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 06-3308

DAVID B. HECTOR, JR.
**Plaintiff**

CITY OF PROVIDENCE, ESQ.
**Defendant**

## *Summons*

PLEASE SERVE: MICHAEL J. COLUCCI, ESQ.
OLENN & PENZA
530 GREENWICH AVE.
WARWICK, RI 02886

accepted 8/21/06 MJC

*To the above-named Defendant:* ANTONIO LARANJO, JR.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon V. EDWARD FORMISANO, ESQ. Plaintiff's attorney, whose address is SINAPI, FORMISANO & COMPANY, LTD. 100 MIDWAY PLACE, SUITE 1, CRANSTON, RI 02920 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: AUGUST 15, 2006

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 06-3308

DAVID B. HECTOR, JR.
**Plaintiff**

CITY OF PROVIDENCE, et al.
**Defendant**

## *Summons*

PLEASE SERVE: MICHAEL J. COLUCCI, ESQ.
OLENN & PENZA
530 GREENWICH AVE.
WARWICK, RI 02886

Accepted 8/21/06 by MJC

*To the above-named Defendant:* ROBERT BROWN, JR.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon V. EDWARD FORMISANO, ESQ. Plaintiff's attorney, whose address is SINAPI, FORMISANO & COMPANY, LTD. 100 MIDWAY PLACE, SUITE 1, CRANSTON, RI 02920 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: AUGUST 15, 2006

(Seal of the Superior Court)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**DAVID B. HECTOR, JR.,**
**Plaintiff,**

**v.**

**C.A. No. 06-** 3308

**CITY OF PROVIDENCE,** by and through its Treasurer, **STEPHEN NAPOLITANO, ROBERT BROWN, JR.,** individually and in his official capacity as a police officer employed by the City of Providence, **ANTONIO LARANJO, JR.,** individually and in his official capacity as a police officer employed by the City of Providence,
**Defendants**

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution, and at common law.

### II. Parties

1. The Plaintiff is a resident of the City of Providence, County of Providence, State of Rhode Island.

2. Defendant City of Providence ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Stephen Napolitano, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant Robert Brown, Jr. ("Brown") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

4. Defendant Antonio Laranjo, Jr. ("Laranjo") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

## III. Jurisdiction

5. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

## IV. Venue

6. Venue is proper in this Court in accordance with R.I.G.L §9-4-3.

## V. Material Facts

7. On or about August 23, 2003, at approximately 2:00 a.m., the Plaintiff was operating a motor vehicle on Camden Avenue in Providence, Rhode Island.

8. The Plaintiff stopped the vehicle on Camden Avenue, exited the vehicle and began speaking with two friends.

9. Shortly thereafter, a police vehicle, operated by Defendant Brown, pulled behind the Plaintiff's motor vehicle.

10. Defendant Brown exited the police vehicle, approached the Plaintiff, and asked for the Plaintiff's license and registration.

11. The Plaintiff informed Defendant Brown that the registration was attached to the back of his vehicle's license plate. The Plaintiff then removed the registration and gave the registration, along with his license, to Defendant Brown.

12. Defendant Brown then contacted a police dispatcher and conducted a routine check through the Registry of Motor Vehicles.

13. Defendant Laranjo then arrived at the scene.

14. At that time, Defendant Brown told the Plaintiff to "get in the car," and pointed to the rear passenger seat of Defendant Laranjo's police vehicle.

15. The Plaintiff then asked if he was being arrested.

16. Defendant Brown responded, "Get in the fucking car!"

17. The Plaintiff again asked if he was being arrested.

18. At that time, Defendant Brown rushed toward the Plaintiff, extended his police baton, and asked the Plaintiff, "You're not going to get in the car?"

19. Defendant Brown then struck the Plaintiff's face with the police baton.

20. The Plaintiff then grabbed Defendant Brown's talk radio, pushed the talk button, and yelled for help.

21. Defendant Brown then stepped away from the Plaintiff and stated, "Oh, you're going to call on me."

22. Defendant Brown then struck the Plaintiff's arm with the police baton.

23. While attempting to defend himself from Defendant Brown's blows, the Plaintiff was struck in his back and legs with a police baton by Defendant Laranjo.

24. The Plaintiff was then handcuffed by Defendant(s) Brown and/or Laranjo.

25. While handcuffed, Defendant Brown began to apply pressure to the Plaintiff's thumbs by pushing them upwards, and told the Plaintiff that he would break his thumbs.

26. Defendant Brown than slammed the Plaintiff face-first into Defendant Laranjo's police vehicle.

27. Due to his injuries caused by Defendants Brown and Laranjo, the Plaintiff was then transported by ambulance to Rhode Island Hospital, where he was treated for injuries to his face and upper extremities.

28. While at the hospital, Defendant Brown approached the Plaintiff and stated, "You better have eyes in the back of your head."

29. Following medical treatment, the Plaintiff was taken back to the City Police Department, placed under arrest and charged with felony assault, simple assault, and resisting arrest. The Defendant City never pursued said charges.

30. That Defendant City failed to properly select, train, instruct, supervise, and discipline officers in the City Police Department, including Defendants Brown and Laranjo, relative to law of search and seizure resulting in the illegal and unlawful search, seizure, arrest and detention of the Plaintiff.

31. That on information and belief, during all relevant time periods, a custom or policy existed in the City Police Department wherein police officers' misconduct was encouraged, ignored, acquiesced to and/or condoned, and to which Defendant City was deliberately indifferent.

32. That Defendant City is liable under the doctrine of *respondeat superior* for the negligent acts and/or omissions of its agents, including Defendants Brown and Laranjo, as police officers employed by the City Police Department, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the serious injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

33. The Defendants knew or should have known that the seizure of the Plaintiff was without reasonable cause and was therefore unlawful under the circumstances. Despite such knowledge, the City, by and through its policy-making officials and agents, approved, ignored,

acquiesced to, condoned, intentionally ignored, and/or was deliberately indifferent to the practice of routinely seizing, assaulting, and battering individuals without legal cause, and failed to change or eliminate such unlawful policy.

34. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

35. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, these described herein, the Plaintiff has suffered, and will continue to suffer, physical pain and suffering, mental anguish, deprivation of his civil rights, incur expenses for medical care and treatment, and other great harm.

## VI. Claims for Relief

36. The Plaintiff incorporates in the Counts below the allegations contained in ¶¶1–35 above.

### Count One
### Negligence

37. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

**Count Two**
**Assault**

37. That Defendants Brown and Laranjo, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Three**
**Battery**

38. That Defendants Brown and Laranjo, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Four**
**False Arrest**

39. That Defendants Brown and Laranjo, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did unlawfully and without cause detain and falsely arrest Plaintiff in violation of state law, causing the Plaintiff to suffer damages as aforesaid.

**Count Five**
**Unreasonable Seizure in Violation of 42 U.S.C. §1983**

40. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally seized in derogation of the Plaintiff's constitutional right to be free from unreasonable seizures, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights

secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Six**
**Unreasonable Seizure in Violation of Article I, §6 of the Rhode Island Constitution**

41. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable search and seizures, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

**VII. Prayers for Relief**

**WHEREFORE**, the Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, §6 of the Rhode Island Constitution by causing the Plaintiff to be unlawfully searched and seized.

2. An award of compensatory damages.

3. An award of punitive damages.

4. An award of reasonable attorney's fees and costs of litigation to the Plaintiff's attorney.

5. Such other and further relief as the Court deems just and proper.

**VIII. Demand for Jury Trial**

The Plaintiff hereby demands a trial by jury on all counts so triable

**IX. Designation of Trial Counsel**

The Plaintiff hereby designates V. Edward Formisano, Esq., as trial counsel.

PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & CO., LTD.

Date: June 20, 2006

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)