MJC:pac 95368 \pleading\95368MMemoStay.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DAVID B. HECTOR, JR. :
:
VS : C.A. NO. 06-418ML
:
CITY OF PROVIDENCE, by and through :
its Treasurer, STEPHEN NAPOLITANO, :
ET AL :

**DEFENDANTS' MOTION TO STAY**

Now come the defendants, and move for a stay of the trial of this matter up to and including December 1, 2007, to allow for an adjudication of state criminal charges lodged against the plaintiff herein, which are based on the same incident which forms the basis of the plaintiff's complaint against the defendants.

In support hereof, your defendants have attached a memorandum of law. Moreover, counsel for the individual defendants states that he conferred in good faith with counsel for the plaintiff as to the content of the motion and that the plaintiff does not object thereto.

DEFENDANTS, Robert Brown, Jr. and
Antonio Laranjo
By their Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DEFENDANT, City of Providence
By its Attorney,

/s/ Kevin F. McHugh
Kevin F. McHugh, Esq. #3927
Senior Assistant City Solicitor
City of Providence - Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
PHONE: (401) 421-7740 Ext. 333
FAX: (401) 351-4326

**CERTIFICATION**

I certify that I sent a true copy of the within by electronic mail this day to:

V. Edward Formisano, Esq.
100 Midway Place, Suite 1
Cranston, RI 02920

/s/ Michael J. Colucci

MJC:pac 95368 \pleading\95368MemoLawMStay.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID B. HECTOR, JR. | : | |
| | : | |
| VS | : | C.A. NO. 06-418ML |
| | : | |
| CITY OF PROVIDENCE, by and through its Treasurer, STEPHEN NAPOLITANO, ET AL | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

This is a §1983 claim against two Providence police officers and the City of Providence. The allegations include those of unlawful and/or unreasonable seizure and false arrest both under federal and state law. The incident that gave rise to this lawsuit also formed the basis for criminal charges of assault to be lodged against the plaintiff, David Hector. Those charges remain pending in the state superior court.[1] Docket sheet entries (Exhibit A and B) indicate that the matter was initially filed in the state district court and was transferred to the state superior court on September 27, 2006. A number of pre-trial conferences have been held along with the exchange of discovery, and a pre-trial conference is currently scheduled for September 6, 2007 before Superior Court Magistrate McAtee. Unless additional pre-trial conferences are scheduled and/or unless a plea arrangement is agreed to, the next scheduling event for said matter would, in the usual course, be assignment for trial.

A conviction of the plaintiff on the underlying criminal charge could act as a bar to part and/or all of his claims in the case at bar either by way of collateral estoppel, judicial estoppel, and/or the "Heck v. Humphrey Rule," see *Thore v. Howe*, 466 F.3d 173 (1st Cir. 2006). In *Thore*, the civil plaintiff, Charles Thore, was shot by police after a car chase. Thore pled guilty to assault and battery

[1] The plaintiff was originally charged with simple assault, assault with a dangerous weapon and resisting arrest in late August, 2003 (the date of this incident). For reasons unnecessary to the decision on this motion, those charges were never brought to a conclusion after the paperwork relating thereto literally "fell through the cracks." Upon the institution of this lawsuit, the non-prosecution was discovered and the charges were resubmitted for prosecution on the charge of simple assault.

on a recitation of facts that included Thore's vehicle striking vehicles and persons of the arresting officers. Thore subsequently brought a §1983 action against the officers alleging excessive use of force and conspiracy. The defendants were granted summary judgment which was affirmed by the First Circuit.

In his civil rights case, Thore asserted two theories, *Id.* at page 180. He first claimed that he was not guilty of assault and, therefore, Officer Howe's use of force was excessive. The court ruled that that theory was barred by the Supreme Court rule from *Heck v. Humphrey*, *Id.* citing *Heck* at 512 U.S., 487. In the *Heck* case, the Supreme Court held that where a §1983 suit for damages would "necessarily imply" the invalidity of the civil plaintiff's conviction, then such a claim would not be cognizable under §1983, absent a favorable resolution of a challenge to said conviction, *Id.* at page 179 citing *Heck.*

The *Thore* court went on to discuss the plaintiff's second theory which essentially argued that under certain circumstances, his excessive force claim should still be sustainable even with his assault conviction in place. The court agreed with that and went on to discuss the contours of the judicial estoppel doctrine and whether or not that would bar the plaintiff's claim based on the facts that he agreed to as part of his plea agreement. The court was careful to point out that it rejected any "per se" rule that admissions to facts at an earlier guilty plea by a criminal defendant should generally bind that person as a plaintiff in a subsequent civil rights action, *Id.* at 182. However, it went on to analyze the particulars of the facts before it and ultimately ruled that the district court did not abuse its discretion in granting summary judgment for the defendants, *Id.* at 187.

This court has the inherent power, in the exercise of its discretion, to stay this action, *United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.*, 811 F.Supp. 802, 805 (1992). Granting a stay of a civil proceeding to await the outcome of a pending parallel criminal investigation is appropriate when the interests of justice seem…to require such action," *Id.* The factors to be considered include the private interests of the plaintiff in proceeding expeditiously balanced against any prejudice if there is a delay; the private interests and burden on the defendants; the convenience to the courts; the interests of persons not parties to the civil litigation; and the public interest, *Id.*

Accordingly, an adjudication of guilt on the underlying criminal charge against the plaintiff Hector could necessarily impact on the viability of some and/or all of his claims in the case at bar.

For those reasons, your defendants are seeking a stay of these proceedings to allow for an opportunity for the criminal action to "play itself out." Discovery is currently set to close on August 29, 2007. Pre-trial memoranda are due by October 1, 2007. Your defendants seek a stay of the trial of this matter through December 1, 2007.

Respectfully submitted,
DEFENDANTS, Robert Brown, Jr. and
Antonio Laranjo
By their Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DEFENDANT, City of Providence
By its Attorney,

/s/ Kevin F. McHugh
Kevin F. McHugh, Esq. #3927
Senior Assistant City Solicitor
City of Providence - Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
PHONE: (401) 421-7740 Ext. 333
FAX: (401) 351-4326

## CERTIFICATION

I certify that I sent a true copy of the within by electronic mail this day to:

V. Edward Formisano, Esq.
100 Midway Place, Suite 1
Cranston, RI 02920

/s/ Michael J. Colucci